## PEOPLES LIBERTY BANK & TRUST COMPANY v GAVIN

Ohio Appeals, 1st Dist, Hamilton Co

No 6054.  Decided Jan 12, 1942

Cedric Vogel, Cincinnati, for appellant.

Clarence H. Hallman, Cincinnati, for appellee.

## OPINION

By MATTHEWS, PJ.

This is an appeal from a judgment of the Court of Common Pleas of Hamilton County, affirming a judgment of the Municipal Court of Cincinnati in an action in replevin.

After the action was commenced the defendant tendered to the plaintiff $23.45 in full of the amount unpaid on the chattel mortgage which was the instrument upon which the plaintiff based its right to possession; and also tendered $4.00 on the court costs incurred to that date in this action, which tender the plaintiff refused to accept.

The plaintiff gave a replevin bond and the property—a refrigerator—was delivered to it by the bailiff.

The defendant filed an amended answer and cross-petition, setting forth as a defense the tender which he had made and by way of cross-claim reiterated the tender, and alleged that thereafter the plaintiff seized the refrigerator and removed it from his home and refused to return it to him, notwithstanding he had renewed the tender many times and demanded possession. The defendant alleged that the seizure and removal was malicious, with intent to injure the defendant. He also alleged that the defendant subsequently sold the refrigerator, which was worth $100.00, and that he had been damaged by being deprived of the use of the refrigerator, and prayed for judgment in the sum of $1000.00.

The issues of fact were submitted to a jury which returned a verdict finding the right of property at the time the action was filed in the defendant and assessed the defendant's damages at $200.00, and the value of the refrigerator at $95.00. Judgment was rendered on this verdict for the defendant for $295.00 and costs.

Many errors are assigned for the reversal of this judgment.

(1) The plaintiff based its right to the immediate possession of this chattel on an assignment to it of a chattel mortgage and that the condition of the mortgage entitling it to possession had occurred.

The evidence proved without contradiction that at the time this action was filed the defendant was in default in his payments and then owed a balance of $23.45, all of which was immediately due and payable.

The mortgage contained a provision that upon default the entire amount should become payable and that the mortgagee could take possession by process of law or otherwise.

That the title and right of a mortgagee to maintain an action of replevin under such circumstances is adequate cannot be doubted under the authorities. 35 Ohio Jurisprudence 453, et seq.; Zablotny v Frigidaire Sales Corp., 45 Oh Ap 339.

Such being the state of the record, the finding of the jury that at the time this action was filed the title and right of possession was in the defendant is without any support in the evidence.

It was argued that the plaintiff, by indulging the defendant in his defaults and accepting payment after default had occurred, had waived its right to insist upon subsequent defaults. No authority has been cited in support of this contention.

Of course, the acceptance of a payment after default would preclude the creditor from insisting upon his rights by reason of that default, but we know of no rule under which such an acceptance would be a justification or excuse for subsequent defaults.

It should be noted that this mortgage contains an express provision that any indulgences granted should not constitute a waiver of any of the rights of the mortgagor, and there could be no foundation to the claim that the defendant was lulled into the belief that the plaintiff would not insist upon its rights upon this default, in view of the fact that it made demand upon defendant for payment and notified him that action would be filed if payment

was not made. No attention was paid to this warning.

(2) The appellant urges that the Municipal Court had no jurisdiction to entertain the cause of action alleged in the cross-petition.

In taking this position, the appellant treats the cross-petition as stating an action by the mortgagor to redeem the property and then in support of his contention cites cases holding that after condition broken the mortgagee of a chattel is the owner of the property and that the mortgagor has only a right of redemption. His list of cases is headed by **The St. Mary's Machine Co. v The National Supply Co., 68 Oh St 535.** Then it is stated that the appropriate method of asserting a right to redeem is by an action in chancery, and that as the Municipal Court has no general jurisdiction in equity, the conclusion is reached that it has not jurisdiction to entertain this cross-petion based on the tender.

It is a general rule that if a plaintiff would be entitled to judgment, requiring the defendant to do or perform an act, it is the duty of the defendant to do or perform that act without being compelled by the order of a court. Therefore, when the defendant tendered the amount due after action filed, together with the accrued costs, the right to possession reinvested in the defendant, and it was the duty of the plaintiff to surrender the chattel to him, and that upon his refusal, a cause of action arose in his favor for the wrongful detention and conversion— which is an action in tort and not in equity.

It should be noticed here that the plaintiff claims that the tender did not include the accrued interest. The plaintiff refused the tender upon another and invalid ground. That constituted waiver of all other grounds. **39 O. Jur. 142 et seq.**

■ Furthermore, the plaintiff sold this chattel while the action was pending. That was wrongful. Under the law, the plaintiff having secured possession of the chattel by giving a bond to redeliver it was required to hold until the right was determined in the action. The option was not its to determine whether it would return the property or pay damages in event of an adverse decision. If the finding was in favor of the defendant, he had the right to elect to take the property or the assessed value. **35 O. Jur. 498 et seq.** By selling the property pending the trial, the plaintiff deprived the defendant of his right to elect and thereby committed another act of conversion.

(3) The jury fixed the value of the refrigerator at $95.00, and the damages at $200.00. The amount is assigned as error and we find that the error is manifest.

There was no evidence of the value of the use of this refrigerator during the period of its detention or the fair rental value of such a refrigerator. There was no basis for more than nominal damages.

We are therefore of the opinion that this judgment must be modified by reducing the amount to the assessed value of the property ($95.00) less the amount of $23.45 which the defendant owed upon the mortgage at the time; and the defendant should pay the costs in the Municipal Court to the time of the tender amounting to $4.00, and the costs on appeal, and that the plaintiff should pay the remainder of the costs.

An entry modifying the judgment in the foregoing respects and affirming it as so modified may be presented.

HAMILTON & ROSS, JJ., concur.